**In re Application of Larry A. WOOD to Appear Before the Grand Jury (Misc. 85–L–02).**

**Appeal of UNITED STATES of America.**

**No. 86–1719.**

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1987.
Decided Nov. 12, 1987.

Thomas D. Thalken, Asst. U.S. Atty., Omaha, Neb., and Robert J. Erickson, Dept. of Justice, Washington, D.C., for appellant.

Steven J. Lefler, Omaha, Neb., for appellee.

Before HEANEY and FAGG, Circuit Judges, and LARSON,* Senior District Judge.

HEANEY, Circuit Judge.

The United States appeals from an order of the United States District Court for the District of Nebraska, ordering the United States Attorney of that district to present to the grand jury allegations of wrongdoing on the part of an FBI agent and an Assistant United States Attorney lodged by Larry A. Wood, a private citizen and previously acquitted defendant. Alternatively, the court ordered that Wood be permitted to personally appear before the grand jury to present his allegations. We affirm the district court.

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of

## I. FACTS.

In November, 1984, a grand jury returned an indictment charging Larry A. Wood and others with conspiracy to commit bank fraud through submission of false loan applications. Wood was acquitted following a jury trial. After the jury returned its verdict, Wood's counsel wrote to the Assistant United States Attorney stating that it was his

> firm, professional and personal belief that Larry did not commit a crime; that the only reason he was presented before the Grand Jury is because of [FBI Agent] John Campbell's belief that Larry was involved in the crime; that John Campbell had to return indictments to justify the time and money expended in the investigation of the matter; that this was done with [Assistant United States Attorney Bernard] Glaser's tacit knowledge and approval.

Letter from Steven Lefler to Thomas Thalken, July 3, 1985.

Wood's counsel appended portions of Campbell's grand jury testimony that were allegedly perjurious and asked that "this matter * * * be presented to the Grand Jury to return an indictment of perjury against Campbell [and] conspiracy charges against Mr. Glaser and Mr. Campbell." He further requested that, in the event the United States Attorney refused to present the perjury allegations to the grand jury, he be given leave to present the allegations himself or to seek appointment of a special prosecutor. Thereafter, the United States Attorney presented the perjury allegations to the grand jury. The grand jury declined to take action.

Wood then filed a petition with the district court, alleging that the matter had not been fairly presented to the grand jury. He requested an order allowing his attorney to present the matter before a grand jury or, in the alternative, appointing a special prosecutor to undertake that task.

Minnesota, sitting by designation.

On December 27, 1985, the district court, after hearing the matter at length, issued an order in which it held that the matter should be re-presented to the grand jury, but that neither Wood nor his attorney need be present at the grand jury session if two conditions obtained: (1) if the accusation was presented fairly, and (2) the decision as to what investigation, if any, was done, including what witnesses, if any, would be called to testify, was made by the grand jury and not by the government attorneys. The court stated:

I have read carefully the sealed transcript of the grand jury session in which Acting United States Attorney Thalken presented to a grand jury the accusations contained in Lefler's letter to Thalken of July 3, 1985. The presentation was accurate and fair in general, but I am troubled that the grand jury may have been misled by statements by Thalken to the grand jury. Questions were asked by grand jurors and answers were made by Thalken. Although subject to more than one interpretation, it is evident that the grand jury may reasonably have thought from what Thalken said that it could open an investigation and call Lefler or anyone else as a witness only if it first determined that Campbell had knowingly testified falsely. So interpreted, the statement would be inaccurate and unfair, because, if it were followed, it would for all practical purposes foreclose an investigation and render any investigation merely confirmatory of a conclusion already reached. The grand jury also could reasonably have thought that from what Thalken said the only information that Lefler claimed to have was the fact of acquittal of Larry Wood in his criminal trial. So interpreted, the statement would be slanted and unfair.

December 23, 1985, Memorandum of district court at 5.

The court directed that a transcript be made at the rehearing and delivered to the court for review.

The court declined to appoint a special prosecutor, holding that such authority is vested in the Attorney General and not the court. *See* 28 U.S.C. § 543; *United States v. Nixon*, 418 U.S. 683, 694, 94 S.Ct. 3090, 3100, 41 L.Ed.2d 1039 (1974); *Matter of Application for Appointment of Independent Counsel*, 766 F.2d 70 (2nd Cir.), *cert. denied*, 474 U.S. 1020, 106 S.Ct. 569, 88 L.Ed.2d 554 (1985).

Thereafter, the United States asked the district court to reconsider its December 23, 1985, order. On May 5, 1986, the district court denied the motion to reconsider. It stated:

"[I]f the United States Attorney for the District of Nebraska or his authorized representative, as shown by a transcript of the proceedings, presents fully and accurately to a grand jury within 30 days after the date of this order the accusation of Larry A. Wood as recited in that letter from Steven Lefler to Thomas Thalken dated July 3, 1985, and the application filed in this case, and that a decision to call or not to call any witness is thereafter made by the grand jury, then the application of Larry A. Wood to appear before the grand jury will stand denied; and

* * * [I]f the accusations are not presented in the manner described in * * * this order, then the application of Larry A. Wood to appear before the grand jury shall be granted, the time and conditions to be set out by a future order of this court."

May 5, 1986, Order of the district court.

The United States appeals from the May 5, 1986, order. It argues that the district court's supervisory power over the grand jury does not permit it to second-guess the manner in which allegations are presented to the grand jury and that the court had no power to authorize Wood to present his allegations to the grand jury.

## II. ANALYSIS.

The United States argues that a court "may not exercise its 'supervisory power' in a way which encroaches on the prerogatives of the [executive or the grand jury itself] unless there is a clear basis in fact and law for doing so." *United States v. Chanen*, 549 F.2d 1306, 1313 (9th Cir.),

*cert. denied,* 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 83 (1977); *United States v. (Under Seal),* 714 F.2d 347 (4th Cir.), *cert. dismissed,* 464 U.S. 978, 104 S.Ct. 1019, 78 L.Ed.2d 354 (1983). We believe this to be a correct statement of the law. The question thus becomes whether there was a clear basis in fact and law for the district court's decision in this case. We believe that there was, primarily for the reasons stated by the district court in its December 23, 1985, opinion.

 We come then to the second issue and that is, whether, as an enforcement mechanism, the district court erred in holding that if the U.S. Attorney failed to comply with the order to resubmit the matter to the grand jury, the application of Wood to appear before the grand jury would be granted. We think not. The general rule is, of course, that an individual cannot bring accusations before a grand jury unless invited to do so by the prosecutor or the grand jury. A well-recognized exception to this rule is that the court in its supervisory power can authorize an individual to appear before a grand jury if it feels that the circumstances require. Mr. Justice Field announced the rule in his charge to a federal grand jury in 1872:

> You will not allow private prosecutors to intrude themselves into your presence, and present accusations. Generally such parties are actuated by a private enmity, and seek merely the gratification of their personal malice. If they possess any information justifying the accusation of the person against whom they complain, they should impart it to the district attorney who will seldom fail to act in a proper case. *But if the district attorney should refuse to act, they can make their complaint to a committing magistrate, before whom the matter can be investigated, and if sufficient evidence be produced of the commission of a public offense by the accused, he can be held to bail to answer to the action of the grand jury.*

Charge to Grand Jury, 30 F.Cas. 992 (C.C. D.Cal.1872) (No. 18,255) (emphasis added); *see also In re New Haven Grand Jury,* 604 F.Supp. 453, 457, 460–61, n. 8–11 (D.Conn. 1985). Certainly, this alternative is significantly less intrusive on the powers of the prosecutor than an order requiring the representation to be made. Moreover, the order is not violative of the general rule that the executive branch has exclusive authority and absolute discretion to decide whether to prosecute a case. *See United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). Here, the court order does not require the United States Attorney to prosecute or, for that matter, to re-present the matter to the grand jury. It simply states that, unless he does, Larry Wood may appear before the grand jury and do so. Thereafter, the prosecutor is free to prosecute or not, as his judgment dictates. *Nixon v. Sirica,* 487 F.2d 700 (D.C.Cir.1973).

FAGG, Circuit Judge, dissenting.

Because I do not believe the district court had a clear basis for its decision to interfere with the grand jury process, I dissent.

A court's supervisory power over grand jury proceedings is significantly limited by the separation of powers doctrine. *See United States v. Chanen,* 549 F.2d 1306, 1313 (9th Cir.), *cert. denied,* 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 83 (1977). This court correctly identifies the test for determining when supervisory power may be properly exercised: "given the constitutionally-based independence of each of the three actors—court, prosecutor and grand jury—* * * a court may not exercise its 'supervisory power' in a way which encroaches on the prerogatives of the other two unless there is a clear basis in fact and law for doing so." *Id.* (footnote omitted); *see United States v. (Under Seal),* 714 F.2d 347, 350 (4th Cir.), *cert. dismissed,* 464 U.S. 978, 104 S.Ct. 1019, 78 L.Ed.2d 354 (1983) (court must have compelling reason to interfere in grand jury process). Here, that test was not met.

The United States Attorney presented Larry Wood's allegation of perjury to the grand jury. The district court found this presentation "accurate and fair in general." Once the district court made this find-

ing, no clear basis existed for it to thrust itself into the grand jury process.

The court's supervisory power over the grand jury does not permit it to detail precisely how the prosecutor should proceed. Further, when the prosecutor acts within the realm of fairness, it is not for the court to second-guess the prosecutor or to speculate about what the jurors may have perceived. Such speculations are even more out of place when, as here, the United States Attorney presented Larry Wood's allegation of perjury to a seasoned grand jury—in fact, the same grand jury that indicted Wood. Thus, the grand jury was familiar with its role in the criminal justice system and with the facts underlying Wood's indictment.

Because the district court found the United States Attorney's presentation accurate and fair, the court had no clear basis in fact or law to intrude on the grand jury proceedings. This court commits error in affirming that intrusion.

Accordingly, I respectfully dissent.