Peter Jon SIMPSON, et al., Plaintiffs,

v.

Janet RENO, Attorney General of the United States, et al., Defendants.

Civ. A. No. 95–482.

United States District Court, District of Columbia.

Oct. 13, 1995.

Peter Jon Simpson, Chicago, IL, pro se.

Michael H. Brown, Ozark, MO, pro se.

Daniel Franklin Van Horn, Sam W. McCahon, U.S. Attorney's Office, Washington, DC, for Janet Reno, U.S. Attorney General, Steven Hill, Jr., Edward L. Dowd, Jr., United States Attorneys.

**256**

### MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before this Court on *pro se* Plaintiffs' request for a Writ of Mandamus against Janet Reno, the Attorney General of the United States of America, Stephen Hill Jr., United States Attorney for the Western District of Missouri, and Edward L. Dowd, United States Attorney for the Eastern District of Missouri. Plaintiffs filed a Petition for Writ of Mandamus with this court on March 10, 1995. The Government moved for and was granted two extensions of time within which to respond to the Plaintiffs' Complaint. The Government missed the deadline for its response to the Plaintiffs' Complaint.

Thereafter, this Court issued an Order to Show Cause why Defendants should not be found in default for failing to respond to the complaint in a timely manner, why sanctions should not be imposed against Defendants, and why the relief requested in the complaint should not be granted. In response to that Order to Show Cause, Defendants have filed a Motion to Dismiss and Plaintiffs have filed a Motion for Sanctions for failure to file an answer to the complaint in a timely manner.

### FACTS

Pursuant to 18 U.S.C. § 3332(a), Plaintiffs assert that they have the right to have a special grand jury impaneled so that they may appear before it and present evidence of alleged criminal conduct. Plaintiffs have asked this Court for a declaratory judgment adopting Plaintiffs' interpretation of § 3332(a) and a mandatory injunction compelling the United States Department of Justice to comply with Plaintiffs' interpretation of the statute. The Plaintiffs seek to present evidence of alleged criminal acts committed by members of the federal and state judiciary in issuing adverse rulings against both Plaintiffs in separate and unrelated proceedings.

Allegations in the Complaint derive from two separate events. Plaintiff Simpson claims that in November of 1991, his daughter was removed from his custody by officials from the State of Missouri. He asserts that the state court judge's actions in the case violated 18 U.S.C. § 242, which makes it a crime for anyone acting under the color of law to deprive a person of any rights guaranteed by the Constitution or laws of the United States.

Plaintiff Brown was the Plaintiff in a civil action that he brought in the United States District Court for the Western District of Missouri against Popular Mechanics magazine, the General Motors Corporation and several others. His claims were dismissed for failure to state a claim upon which relief could be granted. This dismissal was later upheld by the Court of Appeals for the Eighth Circuit. *Brown v. Popular Mechanics,* 37 F.3d 1503 (8th Cir.1994). After failing in that action, Plaintiff Brown now asserts that the judges of the Court of Appeals for the Eighth Circuit have violated 18 U.S.C. § 1503 which makes it a crime to attempt, "corruptly, or by threats or force," to influence, intimidate, or impede any juror or court officer, or otherwise to obstruct the due administration of justice.

### ANALYSIS

**I. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

A writ of mandamus is "an extraordinary remedy, to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 289, 108 S.Ct. 1133, 1143, 99 L.Ed.2d 296 (1988); *In re Halkin,* 598 F.2d 176, 198 (D.C.Cir.1979). Plaintiffs must demonstrate that they lack adequate alternative means to obtain the requested relief, that the defendants have a peremptory duty to act, and that their right to the issuance of the writ is clear and undisputable. *Council of and for the Blind of Delaware Valley, Inc. v. Regan,* 709 F.2d 1521, 1533 (D.C.Cir.1993). Even were these requirements satisfied, the issuance of the writ is within the sound discretion of the court. *Kerr v. United States District Court for the Northern District of California,* 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976).

### A. Under These Facts, Defendants Do Not Have A Peremptory Duty to Act.

▉ Plaintiffs are correct when they claim that 18 U.S.C. § 3332(a) requires a United States Attorney to present information concerning criminal activity to a special grand jury upon the request of an individual. *In re Grand Jury Application,* 617 F.Supp. 199, 203–06 (S.D.N.Y.1985). As of August 24, 1995, there were no special grand juries impaneled in the Western District of Missouri, sitting in Springfield. *See* Declaration of Michael A. Jones, Deputy United States Attorney, attached as Exhibit 4 to Defendants' Motion to Dismiss. On August 25, 1995, there was no special grand jury convened anywhere in the Eastern District of Missouri. *See* Letter from United States Attorney Edward L. Dowd, Jr., attached as Exhibit 5 to Defendants' Motion to Dismiss.

In essence, Plaintiffs ask this Court to order the Defendants of the Eastern and Western Districts of Missouri to impanel a grand jury. 18 U.S.C. § 3331 provides that special grand juries are to be impaneled by the court at least once every 18 months in districts inhabited by more than 4 million people. In other areas, special grand juries will be created at the discretion of the Attorney General. 18 U.S.C. § 3331. Plaintiffs can neither establish a duty of the Defendants to present information to a jury which does not exist nor a duty for the Defendants to impanel a special jury. Therefore, this Court cannot order the relief that the Plaintiffs request.

### B. Plaintiffs Have No Clear Right To Appear Before A Grand Jury Upon Request.

▉ Plaintiffs have not shown that they have a "clear and indisputable" right to compel the Attorney General of the United States and two United States Attorneys to allow them to appear and give testimony before a special grand jury pursuant to 18 U.S.C. § 3332(a). The plain language of 18 U.S.C. § 3332(a), cited by the Plaintiffs as a basis for their claim, grants no indisputable right of an individual to appear before a special grand jury. *See, In re Grand Jury Application,* 617 F.Supp. 199, 206–07 (D.C.N.Y.1985) (stating that the court urged, but did not require, that the plaintiffs attorney be allowed to testify before a special grand jury). Rather, it is the Attorney General who, upon the request of a person with information concerning an alleged criminal offense, shall appear before the grand jury to "inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation." 18 U.S.C. § 3332(a).

▉ An individual may appear before a grand jury only at the invitation of the grand jury, the prosecutor, or the court of the appropriate jurisdiction, in its supervisory capacity. *In re Application of Larry A. Wood,* 833 F.2d 113 (8th Cir.1987). The court's supervisory power over a grand jury is limited by the doctrine of separation of powers. *United States v. Chanen,* 549 F.2d 1306, 1313 (9th Cir.), *cert. denied,* 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 83 (1977). "[G]iven the constitutionally-based independence of each of the three actors—court, prosecutor and grand jury—a court may not exercise its supervisory power in a way which encroaches on the prerogatives of the other two unless there is a clear basis in law and fact for doing so." *Id.*

▉ Legislative history is clear that the United States Code provisions pertaining to special grand juries were designed to combat "such illegal endeavors as syndicated gambling, loan sharking, the theft and fencing of property, the importation of drugs, and other forms of social exploitation ..." associated with organized crime. P.L. 91–452, *reprinted in* 1970 U.S.C.C.A.N. 1073. In enacting the Organized Crime Control Act, Congress intended to limit these special grand juries to "districts in which organized crime was most prevalent." *United States v. Fein,* 504 F.2d 1170, 1180 (2d Cir.1974).[1] Plaintiffs do not

---

1. There is authority for the proposition that special grand juries are not restricted to investigating organized crime, but may inquire into any offenses against the United States that have been committed within the district. *See, United States v. Koliboski,* 732 F.2d 1328, 1330 (7th Cir.1984) ("General needs of a district include investigation into all types of criminal activity ..." in-

allege that the unilateral actions of state and federal judges in Missouri are in any way linked to organized crime.

■ Plaintiffs have failed to establish a clear violation of any criminal statute of the United States. Plaintiff Simpson alleges that a state court judge reviewed and approved actions taken by state officials under a state child welfare statute. Plaintiff Brown alleges only that he disagrees with the application of the law of defamation by the Eighth Circuit Court of Appeals. They claim that these actions fall under 18 U.S.C. § 242, which makes it a crime for anyone, "under color of law, statute, ordinance, regulation or custom," to willfully deprive the inhabitant of any State "to the deprivation of rights, privileges, or immunities secured or protected by the Constitution or the laws of the United States ... *on account of such inhabitant being an alien, or by reason of his color, or race....*" Nowhere in their complaint do Plaintiffs allege that they have been deprived of a right guaranteed by the Constitution or by federal law by reason of their race, color, or alienage.

Plaintiffs also allege violations of the criminal obstruction of justice statute, 18 U.S.C. § 1503, by federal judges of the Eighth Circuit Court of Appeals. Plaintiffs have not demonstrated that the Eighth Circuit's affirmation of a District Court decision constitutes a corrupt or threatening attempt to impede any grand or petit jury investigation or the due administration of justice.

### C. *Plaintiffs Have Failed to Demonstrate That There Are No Alternative Means to Obtain Their Requested Relief.*

■ Plaintiffs have not shown that they have exhausted their remedies in the jurisdiction in which the alleged acts occurred. The relationship between a court and a Grand Jury has been described as follows:

A Grand Jury has no existence aside from the court which calls it into existence and upon which it is attending. A Grand Jury does not become, after it is summoned, impaneled, and sworn, an independent planet, as it were, in the judicial system, but still remains an appendage of the court on which it is attending. No Grand Jury shall be summoned to attend any District Court unless the judge thereof, in his own discretion or upon a notification by the district attorney that such jury will be needed, orders a venire to issue therefor.... In making its inquiries, the Grand Jury must rely on the process of the court to procure evidence and summon witnesses and must look to the power of the court to enforce its subpoenas.

*Nixon v. Sirica,* 487 F.2d 700, 790 (D.C.Cir. 1973). The alleged conduct by federal and state court judges that provides the basis for this action occurred in Missouri. Plaintiffs seek to compel action by two United States Attorneys for the Eastern and Western Districts of Missouri. The hypothetical grand juries that Plaintiffs wish to address are supervised by the Federal Courts in the Eastern and Western Districts of Missouri. Plaintiffs have not shown that they have sought and were denied their requested relief in the courts of those jurisdictions.

The purpose of 28 U.S.C. § 1361 was to "eliminate obstacles to bringing mandamus actions outside of the District of Columbia." *City of Highland Park v. Train,* 374 F.Supp. 758, 770, *aff'd,* 519 F.2d 681 (7th Cir.1975), *cert. denied,* 424 U.S. 927, 96 S.Ct. 1141, 47 L.Ed.2d 337 (1976). Thus, it is inappropriate for this Court to grant the Plaintiffs the relief they request.

### II. THE STATE AND FEDERAL JUDGES WHOSE ACTION FORM THE BASIS FOR PLAINTIFFS' COMPLAINT ARE ENTITLED TO ABSOLUTE IMMUNITY FROM THE PLAINTIFF'S CLAIMS.

■ Judges have absolute immunity from lawsuits for judicial acts within their Court's jurisdiction. *Cleavinger v. Saxner,* 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). This is because of the special nature

cluding the failure to file income tax returns.). However, the special grand jury in *Koliboski* was impaneled in Chicago, a district of more than 4

million inhabitants in which organized crime is an ongoing concern.

of a Judge's responsibilities within the government. *Butz v. Economou,* 438 U.S. 478, 508–512, 98 S.Ct. 2894, 2911–2913, 57 L.Ed.2d 895 (1988); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Absolute immunity for Judges exists even if the judicial conduct was in error or exceeded the Judge's authority. *Stump v. Sparkman,* 435 U.S. 349, 358, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978). Thus, Missouri State Judge Thomas K. McGuire and the Federal Judges of the Eighth Circuit Court of Appeals are entitled to absolute immunity from the Plaintiffs' allegations because they were acting within the scope of their judicial duties.

## III. SANCTIONS FOR CONTEMPT OF COURT WILL NOT BE IMPOSED.

 The power to impose sanctions for contempt of court is exercised with great restraint. *Chambers v. NASCO, Inc.* 501 U.S. 32, 44–45, 111 S.Ct. 2123, 2132–2133, 115 L.Ed.2d 27 (1991). In this case, the conduct of Defendants' counsel in missing the deadline for responding to Plaintiffs' complaint does not rise to the level of willful misconduct, recklessness, or bad faith necessary for the imposition of formal sanctions. *See Sassower v. Field,* 973 F.2d 75, 80–81 (2d Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1879, 123 L.Ed.2d 497 (1993). Defendants have satisfied this Court that their oversight was due to the fact that the Attorney originally assigned to the case entered the Civil Division of the United States Department of Justice on a six month temporary assignment during which time the division was severely understaffed. His failure to maintain his court schedule may have been negligent, but it was not in any sense willful.

 To grant Plaintiffs' request and enter a default against the defendants would give them relief they are clearly not entitled to receive. The complaint is totally without merit. To permit persons to obtain sanctions against a defendant on the basis of an unfounded and totally meritless cause of action would have the effect of establishing a new form of legal lottery. In general, sanctions against a party failing to respond should not be granted where there is no merit to the complaint.

### CONCLUSION

For the reasons stated above, the Defendants' Motion To Dismiss is Granted and the Plaintiffs' Complaint is Dismissed. Plaintiffs' Motion For Sanctions is Denied.

An appropriate Order accompanies this Opinion.

### *ORDER*

Upon consideration of the parties pleadings in the above-captioned case, the Court hereby

**ORDERS** that the Plaintiffs' Complaint be **DISMISSED;** and it is

**FURTHER ORDERED** that the Plaintiffs' Motion For Sanctions be **DENIED.**