**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL F. DEHONEY,
Plaintiff-Appellant,

v.

No. 97-7697

MARK T. CALLOWAY, US Attorney
for the Western District of North
Carolina,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CA-97-3-3-MU)

Submitted: April 28, 1998

Decided: June 30, 1998

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael F. Dehoney, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael F. Dehoney applied to the district court for a writ of mandamus compelling Mark Calloway, United States Attorney for the Western District of North Carolina, to present criminal charges "against three mortgage companies, their attorney, and several federal judges," to a grand jury. Dehoney relies on 18 U.S.C. § 3332(a) (1994), to support the contention that he is entitled to the requested relief. This provision of the Organized Crime Control Act of 1970 provides that a special grand jury summoned pursuant to 18 U.S.C.A. § 3331 (West 1985 & Supp. 1998), shall inquire into offenses of the criminal laws committed within the district, and brought to its attention by the court or any attorney appearing on behalf of the United States. "Any such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation." The district court denied Dehoney's petition for a writ of mandamus on the ground that the decision to indict rests solely with the United States Attorney, and cannot be compelled by the court.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States Dist. Court , 426 U.S. 394, 402 (1976). To obtain mandamus relief, a petitioner bears the burden of showing that his right to the relief sought is indisputable, that the respondent has a clear duty to perform the requested act, and that petitioner has no other avenues of relief. See In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). Even if the party establishes these prerequisites, a court has discretion to decide whether to issue the writ. Marquez-Ramos v. Reno, 69 F.3d 477, 479 (10th Cir. 1995). We review the district court's denial of mandamus for abuse of discretion. Id.

Here, Dehoney has not demonstrated that he is entitled to the requested relief. Although Dehoney has asserted that there was a grand jury sitting at the time he made his request to Calloway and to the district court, he has not established that it was a special grand jury, summoned pursuant to 18 U.S.C. § 3331. Thus Dehoney has not

2

indisputably established that he is entitled to the relief he seeks, or that Calloway has a clear duty to perform the requested act.\* Therefore, we conclude that the district court did not abuse its discretion in refusing to issue a writ of mandamus.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

\*We note that one circuit has held a private party does not have standing to enforce the duty set out in § 3332(a). <u>Sargeant v. Dixon</u>, 130 F.3d 1067, 1069-70 (D.C. Cir. 1997). We express no opinion on the question.

3