

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-2-2007

# Baranoski v. US Atty Ofc

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3151

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Baranoski v. US Atty Ofc" (2007). *2007 Decisions.* Paper 1684.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1684

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3151
_____

DALE M. BARANOSKI,
Appellant

vs.

UNITED STATES ATTORNEY'S OFFICE
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-05014)
District Judge: Honorable Freda L. Wolfson
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
January 19, 2007
Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

(Filed: February 2, 2007)
_____

OPINION
_____

PER CURIAM.

Dale Baranoski appeals the order of the United States District Court for the

District of New Jersey denying his Motion for Grand Jury Access and dismissing his

complaint.

1

Baranoski was employed as a police officer with the Westampton Police Department in Burlington County, New Jersey from 1986 through 2000. In 2000, Baranoski was convicted of criminal trespass. Baranoski alleges that his conviction was the result of a criminal conspiracy and malicious prosecution undertaken by employees of the Westampton Police Department and the Burlington County prosecutor's office. He alleges that he contacted defendant, the United States Attorney's Office for the District of New Jersey ("U.S. Attorney"), about his claims but that no action was taken. When Baranoski attempted to contact the federal grand jury in Camden to investigate his claims, the U.S. Attorney informed him that he was not allowed to contact the grand jury.

Baranoski filed a complaint alleging that the U.S. Attorney denied him a statutory right to present evidence of a federal crime to the federal grand jury in Camden. In the alternative, Baranoski sought to "have a Special Grand Jury empaneled to investigate federal crimes," and sought to "participate in the presentation of the allegations as set forth herein by way of Motion" pursuant to 18 U.S.C. § 3332. Baranoski subsequently filed a motion for access to a federal grand jury. The U.S. Attorney filed a motion to dismiss, which the District Court granted. The District Court held that it lacked subject matter jurisdiction over Baranoski's claims against the U.S. Attorney and, further, that Baranoski failed to establish a constitutional, statutory or common law right to communicate with a federal grand jury.

Branoski timely filed a notice of appeal. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Having granted Baranoski leave to proceed in forma pauperis on appeal, we must now determine whether his appeal should be dismissed pursuant to § 1915(e)(2)(B). An appeal may be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Baranoski seeks to contact the federal grand jury in Camden to present evidence of federal crimes for the grand jury to investigate. We agree with the District Court that Baranoski does not have a constitutional, statutory or common law right to independently communicate with a federal grand jury. The commencement of a federal criminal case by submission of evidence to a grand jury is "an executive function within the exclusive prerogative of the Attorney General." In re Persico, 522 F.2d 41, 54-55 (2d Cir. 1975); see also In re Wood, 833 F.2d 113, 116 (8th Cir. 1987) (an individual cannot bring accusations before a grand jury unless invited to do so by the prosecutor or the grand jury). The U.S. Attorney has exclusive jurisdiction in prosecuting violations of federal law within the state of New Jersey. See 28 U.S.C. § 547. We therefore agree with the District Court that Baranoski may not access the federal grand jury absent the participation of the U.S. Attorney or the District Court. Accordingly, the District Court properly granted the U.S. Attorney's motion to dismiss.

Alternatively, Baranoski seeks a writ of mandamus to compel the United States Attorney to empanel a grand jury to investigate his claims. The remedy of mandamus is reserved for the most extraordinary of circumstances. DeMasi v. Weiss,

3

669 F.2d 114, 117 (3d Cir. 1982).  In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable."  Allied Chem. Corp. v. Daifon, Inc., 449 U.S. 33, 35 (1980).  The District Court properly denied mandamus relief because Baranoski did not establish he had a "clear and indisputable" right to compel the U.S. Attorney to empanel a federal grand jury.

For the foregoing reasons, Baranoski's appeal will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for lack of legal merit.

4