**Frederick H. BANKS, Appellant**

v.

**Mary Beth BUCHANAN, United States Attorney; Brendan T. Conway, AUSA; Paul Hull, AUSA.**

No. 09–1027.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 June 25, 2009.

Opinion filed: July 6, 2009.

Frederick H. Banks, Yazoo City, MS, pro se.

Laura S. Irwin, Esq., Office of the United States Attorney, Pittsburgh, PA, for Mary Beth Buchanan, United States Attorney; Brendan T. Conway, AUSA; Paul Hull, AUSA.

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges.

OPINION

PER CURIAM.

On October 14, 2004, a jury in the Western District of Pennsylvania convicted the Appellant, Frederick Banks, on charges of mail fraud, criminal copyright infringement, uttering and possessing counterfeit or forged securities, and witness tampering. These convictions stemmed from Banks's sales of illegally copied versions of copyrighted Microsoft software products through an Internet marketplace website, Amazon.com. Banks is currently serving a five-year sentence for these convictions at the Federal Correctional Institution in Yazoo City, Mississippi.

On August 29, 2008, Banks filed a pro se "petition for a writ of mandamus pursuant to 18 U.S.C. § 3332" in the United States

District Court for the Western District of Pennsylvania. In his petition, Banks contended that, during the grand jury proceedings preceding his criminal trial, Assistant United States Attorney ("AUSA") Brendan Conway denied his request to introduce his BMW as evidence because, according to AUSA Conway, the government no longer had it. According to Banks, however, another attorney later told him that the car was actually in the government's possession at that time. Based on these allegations, Banks asked the District Court to issue a writ of mandamus to "compel the United States Attorney to present the factual evidence concerning alleged criminal wrongdoing of Brendan Conway, AUSA to the grand jury, ... or for the Court to request and bring this information to the attention of the grand jury." (Mandamus Petition 1.)

By order entered November 21, 2008, the District Court dismissed the petition pursuant to 28 U.S.C. § 1915(e) on the ground that Banks lacks standing to compel the U.S. Attorney to present evidence to a grand jury. This appeal followed.[1]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's order dismissing Banks's mandamus petition is plenary. *See Harmon Cove Condominium Ass'n v. Marsh,* 815 F.2d 949, 951 (3d Cir.1987). Because Banks is proceeding *in forma pauperis,* we must review this appeal to determine whether it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We dismiss an appeal pursuant to § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Upon review, we agree with the District Court that Banks lacks standing to compel the presentation of evidence under 18 U.S.C. § 3332. This provision, which is part of the Organized Crime Control Act of 1970, was designed to encourage citizens to report organized crime and to guard against the possibility of government corruption. *Sargeant v. Dixon,* 130 F.3d 1067, 1068 (D.C.Cir.1997). Section 3332 provides as follows:

> It shall be the duty of each such grand jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district. Such alleged offenses may be brought to the attention of the grand jury by the court or by any attorney appearing on behalf of the United States for the presentation of evidence. Any such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation.

18 U.S.C. § 3332(a). Thus, Banks is correct that § 3332 requires the U.S. Attorney to inform the grand jury of information provided by "any person" about an "offense[ ] against the criminal laws of the United States." It does not, however, confer standing upon Banks to enforce the U.S. Attorney's obligation, as Banks's interest in the prosecution of AUSA Conway is not a legally protected interest.[2] *See*

---

**1.** Banks's notice of appeal included a motion for reconsideration of the District Court's November 21, 2008 order. The District Court has not acted on this motion. As the motion is dated December 16, 2008, beyond the period prescribed in Rules 59(e) and 4(a)(4) of the

Federal Rules of Civil and Appellate Procedure, respectively, we may proceed in this matter.

**2.** Anticipating our present conclusion, Banks argues that he is not attempting to compel the

**124**

*Sargeant,* 130 F.3d at 1069; *see generally Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (explaining that, in order to satisfy the constitutional minimum of standing under Article III, a plaintiff must have suffered an " 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical" ' "). We cannot discern any basis here for Banks to compel action pursuant to § 3332 such that he would have standing.

For the foregoing reasons, we conclude that this appeal lacks an arguable legal basis. Accordingly, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[3]

U.S. Attorney to prosecute AUSA Conway, but is, rather, asking "to have either the court or the United States Attorney present certain information to the grand jury." (Mandamus Petition 2.) This distinction, however, does not alter our conclusion that Banks lacks standing to enforce § 3332 by compelling the

U.S. Attorney to present information to a grand jury. Furthermore, § 3332 does not contemplate the type of court action that Banks requests.

**3.** Appellees' motion for summary action will be denied as moot.