# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued December 6, 2016         Decided April 4, 2017

No. 15-5003

PRISOLOGY, INC.
APPELLANT

v.

FEDERAL BUREAU OF PRISONS,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:14-cv-00969)

*Zachary Lee Newland* argued the cause for appellant. On the briefs were *Jeremy B. Gordon* and *Joseph Fierros*, Student Counsel.

*Peter C. Pfaffenroth*, Assistant U.S. Attorney, argued the cause for appellee. On the brief were *R. Craig Lawrence*, Assistant U.S. Attorney, and *Peter R. Maier*, Special Assistant U.S. Attorney. *Eric J. Young*, Special Assistant U.S. Attorney, entered an appearance.

Before: MILLETT, *Circuit Judge*, and SENTELLE and RANDOLPH, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* RANDOLPH.

RANDOLPH, *Senior Circuit Judge*:  Prisology, Inc., a non-profit organization devoted to criminal justice reform brought an action claiming that the Federal Bureau of Prisons had not complied with 5 U.S.C. § 552(a)(2) of the Freedom of Information Act (FOIA).  The district court dismissed the complaint on the ground that Prisology lacked standing.

Section 552(a)(2) requires federal agencies to make the following types of records electronically available to the public:

> (A) final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;

> (B) those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register;

> (C) administrative staff manuals and instructions to staff that affect a member of the public.

* * *

Prisology's two and one-half page complaint began with a brief description of § 552 and of the Bureau of Prisons' alleged non-compliance with the statute.  Complaint ¶ 1, *Prisology v. Federal Bureau of Prisons*, 74 F. Supp. 3d 88 (D.D.C. 2014) (No. 14-0969 (ABJ)).  Paragraphs 2 through 5 of the complaint then identified the parties, invoked jurisdiction under 28 U.S.C. §§ 1331 and 1346(a)(2), and quoted FOIA § 552(a)(2).  Paragraph 6 of the complaint repeated the general charge that the Bureau of Prisons had not complied with § 552(a)(2) and

paragraph 7 gave as examples the Bureau's failure to make available electronically: "(1) responses to administrative remedy requests and appeals from each BOP institution, Regional Office, and the BOP's Central Office; (2) private settlements outside of litigation between the BOP and its employees, inmates, and other persons; (3) grants and denials of requests for compassionate release; (4) all settlements, compromises, and rejections of claims made pursuant to the Federal Tort Claims Act and Inmate Accident Compensation Program; and (5) Disciplinary Hearing Officer reports reflecting agency adjudication of serious prison disciplinary charges."  The complaint ended with a prayer for relief in the form of a declaratory judgment and an injunction under the Administrative Procedure Act, 5 U.S.C. § 706, "requiring the BOP to make the paragraph 7 records that were created on or after November 1, 1996, available via computer telecommunications means." Complaint ¶ 8.

The government, taking note of Prisology's failure to allege any injury to itself, filed a Rule 12(b)(1) motion to dismiss the complaint for lack of jurisdiction.  The district court relied on several Supreme Court opinions, including *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), to hold that Prisology did not have Article III standing because it had "failed to point to any injuries sustained, by the organization itself or by its members, as a result of the defendant's conduct." *Prisology*, 74 F. Supp. 3d at 95.

While this case was pending on appeal, our court decided *Citizens for Responsibility and Ethics in Washington v. U.S. Department of Justice*, 846 F.3d 1235 (D.C. Cir. 2017).  The court held that the Administrative Procedure Act could not be invoked to remedy an alleged violation of FOIA § 552(a)(2). *Id.* at 1246.  Prisology described its complaint as having been "brought pursuant to" the Administrative Procedure Act,

Appellant Br. at 6 n.1, which seems to bring the case within the holding of *Citizens for Responsibility*. But before we may decide whether Prisology has stated a cause of action under the Administrative Procedure Act, we must determine that Prisology has Article III standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *see also Vietnam Veterans of Am. v. Shinseki*, 599 F.3d 654, 661 (D.C. Cir. 2010).

Many years ago Justice Frankfurter described the standing doctrine as a "complicated specialty of federal jurisdiction, the solution of whose problems is . . . more or less determined by the specific circumstances of individual situations . . .." *United States ex rel. Chapman v. Fed. Power Comm'n*, 345 U.S. 153, 156 (1953). Complicated or not, the Supreme Court has made clear that in a suit against the government, it is the plaintiff's burden to satisfy Article III by setting forth at least "general factual allegations of injury" at the pleading stage. *Lujan*, 504 U.S. at 561. It is certain as well that "injury in fact" is one of the "irreducible constitutional" requirements of standing and that the injury must be "concrete and particularized." *Id.* at 560 (internal quotation omitted). And so a plaintiff alleging harm common to "every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." *Id.* at 573-74.

Prisology's complaint contains no allegation of injury, general or otherwise. Even if we inferred an injury to Prisology from the Bureau's alleged failure to publish its records electronically, this would not differentiate Prisology from the public at large. All that inference would reveal is a harm common to everyone, a harm of the sort *Lujan* described as not stating an Article III case or controversy.

Prisology tries to fit itself within cases litigated under FOIA § 552(a)(3). This provision requires an agency to make non-exempt records (other than those made available under FOIA §§ 552(a)(1) & (2)) "available to any person" upon that person's request "reasonably describ[ing] such records." 5 U.S.C. § 552(a)(3). We have said of § 552(a)(3) that "Anyone whose request for specific information has been denied has standing to bring an action; the requester's circumstances – why he wants the information, what he plans to do with it, what harm he suffered from the failure to disclose – are irrelevant to his standing." *Zivotofsky ex rel. Ari Z. v. Sec'y of State*, 444 F.3d 614, 617 (D.C. Cir. 2006). The point of this passage is that the requester has suffered a particularized injury because he has requested and been denied information Congress gave him a right to receive. *See id.* at 619. The Supreme Court said much the same in *Public Citizen v. U.S. Department of Justice*, 491 U.S. 440, 449 (1989): "Our decisions interpreting the Freedom of Information Act have never suggested that those requesting information under it need show more than that they sought and were denied specific agency records." *See Sargeant v. Dixon*, 130 F.3d 1067, 1070 (D.C. Cir. 1997).

We do not understand how the FOIA § 552(a)(3) decisions apply to this case. Prisology made no request of the Bureau of Prisons before bringing suit and therefore received no denial from that agency. As to FOIA § 552(a)(2), our decisions dealing with the enforcement of this subsection have not discussed standing. But in each such case the plaintiff made a request of the agency and the agency denied the request. *See Citizens for Responsibility*, 846 F.3d at 1239; *Irons v. Schuyler*, 465 F.2d 608, 614 (D.C. Cir. 1972) (the "opinions and orders referred to in Section 552(a)(2), when properly requested, are required to be made available, and . . . such requirement is judicially enforceable without further identification under Section 552(a)(3), even though the agency has failed to make

them available as required by Section 552(a)(2)"); *American Mail Line, Ltd. v. Gulick*, 411 F.2d 696, 698 (D.C. Cir. 1969) (separate opinion of Tamm, J.). In *Gulick* it also appears that the plaintiff articulated a separate, particularized injury suffered as a result of the agency's denial of its request for a FOIA § 552(a)(2) document. *See* 411 F.2d at 698. And in *Citizens for Responsibility*, the plaintiff claimed that the agency's refusal to make documents available under § 552(a)(2) harmed its "core programmatic activities," which included research from public government records. Amended Complaint ¶¶ 6, 11, *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 164 F. Supp. 3d 145 (D.D.C. 2016) (No. 13-01291 (APM)). It is little wonder that during oral argument Prisology conceded that its complaint contained no allegation of harm from the Bureau's failure to make the records electronically available.

Instead of alleging a particularized injury, Prisology seems to argue that any violation of a statutory right to information is an injury in fact. Appellant Br. at 11. Congress can create new legal rights the violation of which may constitute an injury in fact. *Lujan*, 504 U.S. at 578. Yet the Supreme Court, after discussing *Lujan*, has held that the "requirement of injury in fact is a hard floor of Article III jurisdiction" that not even a statute can remove. *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009). We read these cases to mean that at the pleading stage the plaintiff must still at least allege a particularized injury.

Prisology also claims that it has standing because its complaint amounted to a request for particular information. Appellant Br. at 12. The argument goes nowhere. To the extent that a complaint may be seen as a request, it is a request for relief from a court. If the court denies the request, the plaintiff may appeal. But a court's refusal to grant relief cannot confer Article III standing that otherwise does not exist. No one would say that the plaintiffs in *Lujan* had standing because the

Supreme Court ruled against their claim of standing. To accept Prisology's argument would be to read out of the law the requirement that at the pleading stage the plaintiff at least has to allege some injury in fact. *Lujan*, 504 U.S. at 561.

The result here may seem overly technical. But Prisology's predicament is one of its own making. With little effort it may have been able to satisfy the requirements of Article III. The Supreme Court over the years has taken steps to clarify the law of standing. We would not muddy the waters in order to accommodate Prisology's recalcitrance even if we had the power to do so, which we do not.

*Affirmed.*