# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4022
_____

Billy Duane Card Fleshner

*Plaintiff - Appellant*

v.

Matthew Tiedt; Kyle Shores; Dan Schaefer; James E. Dickinson

*Defendants - Appellees*

Bremer County, Iowa; Marks Auto Repair and Wrecker Service; Dan Pickett;
Connie Sents; Kenneth Wayne Wiley

*Defendant*s

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo
_____

Submitted: December 7, 2017
Filed: March 16, 2018
[Unpublished]
_____

Before SHEPHERD, MURPHY, and KELLY, Circuit Judges.
_____

PER CURIAM.

In this pro se 42 U.S.C. § 1983 action, Billy Fleshner appeals after the district court dismissed several claims against Bremer County Sheriff's Department Officers Matthew Tiedt and Kyle Shores, and Iowa State Patrol Troopers Dan Schaefer and James Dickinson, for failure to state a claim, and then adversely granted summary judgment on the remaining excessive force claim against those defendants. After carefully reviewing the record and the parties' arguments on appeal, we reverse in part, affirm in part, and remand the case for further proceedings. See Montin v. Moore, 846 F.3d 289, 293 (8th Cir. 2017) (grant of Fed. R. Civ. P. 12(c) motion is reviewed de novo); Beaulieu v. Ludeman, 690 F.3d 1017, 1024 (8th Cir. 2012) (grant of summary judgment is reviewed de novo, viewing record in light most favorable to nonmovant).[1]

To begin, we conclude that the dismissal of Fleshner's claim requesting a grand jury was appropriate. See In re Application of Wood, 833 F.2d 113, 116 (8th Cir. 1987) (individual cannot bring accusations before grand jury unless invited to do so by prosecutor or grand jury, or unless prosecutor fails to act).

As to Fleshner's search and seizure claims, accepting his allegations as true, we conclude that Fleshner adequately stated a claim that he was subjected to an objectively unreasonable traffic stop, which was not supported by probable cause or reasonable suspicion. See United States v. Houston, 548 F.3d 1151, 1153 (8th Cir. 2008) (traffic stop is seizure within meaning of Fourth Amendment and thus must be supported by reasonable suspicion or probable cause); McCoy v. City of Monticello, 342 F.3d 842, 847-48 (8th Cir. 2003) (to establish violation of Fourth Amendment in § 1983 action, claimant must demonstrate traffic stop was objectively unreasonable

---

[1]Fleshner also named several other defendants who were ultimately dismissed, and additionally brought a conspiracy claim and a state-law claim that were dismissed, but he has not challenged those dismissals on appeal. See Hess v. Ables, 714 F.3d 1048, 1051 n.2 (8th Cir. 2013) (claim was abandoned where appellant did not brief court on why dismissal was improper).

under the totality of the circumstances); see also Kelly v. City of Omaha, 813 F.3d 1070, 1075 (8th Cir. 2016) (in reviewing dismissal for failure to state claim, this court takes all facts alleged in complaint as true and draws all reasonable inferences in favor of plaintiff); Whitson v. Stone Cty. Jail, 602 F.3d 920, 922 n.1 (8th Cir. 2010) (pro se complaint must be liberally construed and pro se litigants held to lesser pleading standard); Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990) (Rule 12(c) motions are reviewed under same standard that governs Fed. R. Civ. P. 12(b)(6) motions).

We also conclude--again accepting Fleshner's allegations as true--that he adequately alleged that the decisions to tow and inventory-search his vehicle were not made in furtherance of a community caretaking function, pursuant to standard Sheriff's department practices. See United States v. Sims, 424 F.3d 691, 693 (8th Cir. 2005) (discussing vehicle impoundments and inventory searches as community caretaking functions); see also United States v. Arrocha, 713 F.3d 1159, 1162-63 (8th Cir. 2013) (discussing inventory-search doctrine); United States v. Marshall, 986 F.2d 1171, 1173-76 (8th Cir. 1993) (same).

Finally, we conclude that there remains a genuine issue of material fact as to whether the force used in arresting Fleshner was objectively reasonable. See Graham v. Connor, 490 U.S. 386, 396-97 (1989) (force applied in effectuating arrest must be objectively reasonable; reasonableness turns on circumstances, including severity of crime at issue, whether suspect posed immediate threat to safety of officers or others, and whether he was actively resisting arrest or attempting to flee).

Accordingly, we reverse the dismissal of Fleshner's search and seizure claims, we reverse the adverse grant of summary judgment as to his excessive-force claim, we affirm the dismissal of his grand-jury claim, and we remand the case to the district court for further proceedings.

_____

-3-