15-2198-cr
*United States of America v. Charles Carneglia*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand seventeen.

PRESENT:   RALPH K. WINTER,
           JOSÉ A. CABRANES,
           GERARD E. LYNCH,
                     *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*                          15-2198-cr

           v.

CHARLES CARNEGLIA, AKA CHARLIE CANIG,

                    *Defendant-Appellant,*

JOSEPH AGATE, ET AL.,

                    *Defendants.*[±]

---

**FOR APPELLANT:**            Charles Carneglia, *pro se*, Waymart, PA.

**FOR APPELLEE:**             Evan M. Norris, Alexander Mindlin, and
                             Jo Ann M. Navickas, Assistant United
                             States Attorney, *for* Robert L. Capers,

---

[±] The Clerk of Court is directed to amend the official caption to conform with the caption above.

United States Attorney's Office for the Eastern District of New York, Brooklyn, NY.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Charles Carneglia, proceeding *pro se*, appeals from the district court's denial of his motion for disclosure of grand jury material. For the reasons set forth below, we affirm the judgment of the district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

We review a district court's denial of a motion for disclosure of grand jury minutes for abuse of discretion. *In re Petition of Craig*, 131 F.3d 99, 107 (2d Cir. 1997). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citation omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").

Pursuant to Federal Rule of Criminal Procedure 6, "[t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of grand-jury matter . . . preliminary to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). To determine whether disclosure is appropriate, courts apply a "particularized need" test. This test requires a party seeking disclosure to show "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for

---

[1] The government questions the district court's jurisdiction to address Carneglia's motion, arguing that it is "in substance" a successive petition for relief under 28 U.S.C. § 2255, over which the district court lacked jurisdiction because Carneglia had no obtained prior authorization from this Court to file such a petition. Govt. Br. 7. Carneglia's motion, however, does not seek rleif from his conviction; it merely seeks access to grand jury minutes. Regardless of the reason why Carneglia seeks the minutes, his application was not an application under § 2255 and the district court had jurisdiction to consider it. *See United States v. Campbell*, 294 F.3d 824, 826-27 (7th Cir. 2002).

continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. of Calif. v. Petrol Stops Nw.*, 441 U.S. 211, 222-23 & n. 12 (1979).

We conclude that disclosure was not warranted here since Carneglia failed to present the district court with a particularized basis for disclosure. Even if the grand jury material revealed prosecutorial misconduct, it would be harmless: a petit jury determined that the conspiracy charge was within the limitations period. *See Lopez v. Riley*, 865 F.2d 30, 32-33 (2d Cir. 1989). Furthermore, this Court affirmed Carneglia's conviction, specifically rejecting his argument that the jury lacked sufficient evidence to conclude that his criminal activity fell within the limitations period. *United States v. Carneglia*, 403 F. App'x 581, 583-85 (2d Cir. 2010). Consequently, nothing suggests that the grand jury materials are "needed to avoid a possible injustice in" any subsequent habeas proceedings. *Douglas Oil Co.*, 441 U.S. at 222.

We have considered Carneglia's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3