**21-1338-cv**
*Lawyers' Committee v. Garland*

# In the
# United States Court of Appeals
# For the Second Circuit

————

AUGUST TERM 2021

ARGUED: JANUARY 21, 2022
DECIDED: AUGUST 5, 2022

No. 21-1338-cv

Lawyers' Committee for 9/11 Inquiry, Inc., Richard Gage,
Christopher Gioia, Diana Hetzel, Architects & Engineers for 9/11
Truth, Michael O'Kelly, Jeanne Evans, Robert McIlvaine,
*Plaintiffs-Appellants*,

*v.*

Merrick B. Garland, Attorney General of the United States, Damian
Williams, United States Attorney for the Southern District of New
York, United States Department of Justice,
*Defendants-Appellees.**

————

Appeal from the United States District Court
for the Southern District of New York.

————

Before: WALKER, SULLIVAN, and LEE, *Circuit Judges*.

————

---

* The Clerk of Court is directed to amend the caption as set forth above.

Plaintiffs submitted a petition to the United States Attorney's Office for the Southern District of New York that contained information related to the September 11, 2001 attacks and requested that the Office present the petition to a grand jury. Over a year later, plaintiffs filed this lawsuit, requesting (1) disclosure of grand jury records related to the petition and (2) a court order compelling defendants to present their petition to a grand jury if they have not yet done so. The district court dismissed the lawsuit for lack of standing and for failure to state a claim. On appeal, plaintiffs challenge those findings. Because we find no merit to plaintiffs' challenges, we AFFIRM.

————

MICK G. HARRISON, Bloomington, IN, *for Plaintiffs-Appellants*.

ALEXANDER J. HOGAN (Benjamin H. Torrance, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY, *for Defendants-Appellees*.

————

JOHN M. WALKER, JR., *Circuit Judge*:

Plaintiffs submitted a petition to the United States Attorney's Office for the Southern District of New York that contained information related to the September 11, 2001 attacks and requested that the Office present the petition to a grand jury. Over a year later, plaintiffs filed this lawsuit, requesting (1) disclosure of grand jury records related to the petition and (2) a court order compelling defendants to present their petition to a grand jury if they have not yet done so. The district court dismissed the lawsuit for lack of standing and for failure to state a claim. On appeal, plaintiffs

challenge those findings.   Because we find no merit to plaintiffs'
challenges, we AFFIRM.

## BACKGROUND

Plaintiffs believe that the collapse of the World Trade Center's
twin towers on September 11, 2001 was caused not by the impact of
terrorist-flown airplanes or burning jet fuel, but by explosives planted
in the basements or lobbies of the towers.   And they want a grand jury
to investigate the event under that theory.   Plaintiffs include a non-
profit corporation, Lawyers' Committee for 9/11 Inquiry, Inc., as well
as an architect, his non-profit Architects & Engineers for 9/11 Truth
("AE"), a firefighter who was involved in the recovery efforts at the
World Trade Center, and family members of those who died because
of the September 11 attacks.

On April 10, 2018, the Lawyers' Committee delivered to the
United States Attorney's Office for the Southern District of New York
a "Petition [t]o Report Federal Crimes Concerning 9/11 [t]o Special
Grand Jury or in the Alternative to Grand Jury Pursuant to the United
States Constitution and 18 U.S.C. § 3332(a)."[1]   The petition included
"extensive scientific and eye-witness testimony" concerning the
events of September 11.[2]   On July 30, the Lawyers' Committee
delivered its First Amended Petition to the U.S. Attorney's Office
("the Petition") and requested that the U.S. Attorney present the
information contained in the Petition to a special federal grand jury.
On August 30, 2019, the Lawyers' Committee submitted the same
information to the U.S. State Department's "Rewards for Justice"

---

[1] Joint App'x 16a.
[2] Joint App'x 16a.

program, which "offers rewards or bounties for information leading to the arrest of persons engaged in terrorism."[3]

In September 2019, plaintiffs filed this lawsuit in district court against the U.S. Attorney General and the U.S. Attorney for the Southern District of New York. Plaintiffs sought to compel defendants to disclose what information from the Petition, if any, they have shown to a grand jury (Count 1); they also sought to compel defendants, if they had not already done so, to present the Petition to a grand jury, arguing that defendants' failure to do so was a violation of the First Amendment (Count 2) and that plaintiffs were entitled to the above court order pursuant to the Federal Mandamus Statute[4] (Count 3) and the Administrative Procedure Act[5] ("APA") (Count 4). On March 24, 2021, the district court (Gardephe, *J*.) granted defendants' motion to dismiss the complaint. The district court held that plaintiffs did not have standing to compel defendants to present their Petition to a grand jury and that plaintiffs failed to state a claim when seeking to force defendants to release information presented to a grand jury. This appeal followed.

## DISCUSSION

On appeal, plaintiffs argue that (1) they have standing to pursue an order compelling defendants to submit their Petition to a grand jury and (2) the district court erred in denying their request that certain grand jury records be released. Neither argument has merit.

---

[3] Joint App'x 32a–33a.

[4] 28 U.S.C. § 1361.

[5] 5 U.S.C. §§ 702, 706(1).

## I.     Plaintiffs lack standing to seek an order compelling defendants to submit their Petition to a grand jury.

We review *de novo* the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of standing.[6]

### A. The Federal Mandamus Statute and the APA

Plaintiffs allege that then-U.S. Attorney Audrey Strauss unlawfully denied their request to deliver the Petition to a grand jury in violation of her duty pursuant to 18 U.S.C. § 3332(a).  Section 3332(a) states:

> It shall be the duty of each such grand jury impaneled within any such judicial district to inquire into offenses against the criminal laws of the United States . . . .  Such alleged offenses may be brought to the attention of the grand jury by the court or by any attorney appearing on behalf of the United States for the presentation of evidence.  Any such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation.

Counts 3 and 4 of the complaint request mandamus relief pursuant to the Federal Mandamus Statute and to compel agency action under the APA, respectively.[7]  But we need not reach whether

---

[6] *Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Historic Dist. Comm'n*, 768 F.3d 183, 191 (2d Cir. 2014).

[7] The mandamus statute provides judicial relief to compel an officer of the United States "to perform a duty owed to a plaintiff," *Binder & Binder PC v. Barnhart*, 399 F.3d 128, 133 (2d Cir. 2005) (quoting 28 U.S.C. § 1361) (emphasis omitted); the APA similarly empowers a court to "compel

such provisions provide relief because plaintiffs lack constitutional standing.

To demonstrate Article III standing, a plaintiff must show that he suffered an "injury in fact"—"an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical."[8] We have previously held that a plaintiff lacked standing because he suffered no injury in fact based on the purported withholding of information from a grand jury under § 3332(a) by a U.S. Attorney. In *Zaleski v. Burns*, a petitioner sought to present allegations to a grand jury pursuant to § 3332(a) that there existed a conspiracy to deny criminal defendants their constitutional rights.[9] We noted that, while it was not clear from the record whether the petitioner made a request to the U.S. Attorney's Office to present his information to a grand jury, even if he had done so, there was no standing given the absence of injury, because "[w]ithout more, the denial of his § 3332(a) right [was] insufficient" to confer standing.[10] And as other circuits have held, the denial of one's ability to "giv[e] information" to a grand jury is not an injury for standing purposes.[11] Accordingly, plaintiffs have not alleged an injury sufficient to support standing based on the U.S. Attorney's

---

agency action unlawfully withheld," *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008) (quoting 5 U.S.C. § 706(1)).

[8] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted).

[9] 606 F.3d 51, 52 (2d Cir. 2010) (per curiam).

[10] *Id.*

[11] *Sargeant v. Dixon*, 130 F.3d 1067, 1070 (D.C. Cir. 1997) (holding that a plaintiff lacked standing to enforce § 3332(a) because he failed to identify a cognizable injury). In addition to the D.C. Circuit, the Eleventh and Third Circuits have also held that private plaintiffs lack standing to force a presentation of their evidence to a grand jury under § 3332(a). *See Morales v. U.S. Dist. Ct. for the S. Dist. of Fla.*, 580 F. App'x 881, 886 (11th Cir. 2014); *Banks v. Buchanan*, 336 F. App'x 122, 123–24 (3d Cir. 2009).

alleged failure to deliver the Petition to a grand jury in violation of § 3332(a).[12]

Plaintiffs assert various other theories to support standing. None have merit. To start, they posit that they are injured because they are unable to get the reward promised by the State Department's Rewards for Justice Program: presumably, plaintiffs believe if their Petition were provided to a grand jury, the jury would return an indictment and they would then be entitled to the reward for information leading to the arrest of persons engaged in terrorism. But "a claimant needs more than an interest in the bounty he will receive if the suit is successful" to demonstrate standing.[13]

Next, plaintiffs contend that the Lawyers' Committee and AE have organizational standing. An organization can demonstrate standing if it shows that a defendant's actions have caused a "concrete and demonstrable injury to [its] activities—with the consequent drain on [its] resources."[14] The Lawyers' Committee's mission is "to promote transparency and accountability regarding the tragic events of September 11,"[15] and the mission of AE is to "establish the truth about the events of" September 11.[16] Plaintiffs argue that if

---

[12] *In re Grand Jury Application*, 617 F. Supp. 199 (S.D.N.Y. 1985), which found that § 3332(a) could confer standing on a private party to seek its enforcement in that case, is a district court opinion not binding on this court and, in any event, has been subsequently abrogated by *Zaleski*.

[13] *Donoghue v. Bulldog Invs. Gen. P'ship*, 696 F.3d 170, 178 (2d Cir. 2012) (internal quotation marks omitted); *see also Vermont Agency of Nat. Res. v. United States*, 529 U.S. 765, 772–73 (2000) (noting that the bounty a *qui tam* relator would receive if a suit was successful was merely a "byproduct of the suit itself," which could not "give rise to a cognizable injury for Article III standing purposes" (internal quotation marks omitted)).

[14] *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982).

[15] Joint App'x 15a.

[16] Appellants' Br. at 47 (internal quotation marks omitted).

defendants had submitted their Petition to a grand jury, they "would not have had to expend thousands of hours and tens of thousands of dollars in on-going investigations and litigation."[17]  But because the very mission of the plaintiff organizations is to investigate the September 11 attacks and it is likely that they had completed that investigation at the time they requested that the evidence be turned over to the grand jury, they have not identified how defendants imposed additional costs on that activity.  We also recently rejected plaintiffs' theory based on litigation costs, noting that "an organization's decision to embark on categorically *new* activities in response to action by a putative defendant will not ordinarily suffice to show an injury for standing purposes."[18]  Thus plaintiffs cannot allege that the money they spent on litigation *after* submitting their Petition confers standing.

Finally, plaintiffs cannot demonstrate standing by asserting that they seek to get the federal government to investigate and prosecute the crimes alleged in their Petition.  It is well settled that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."[19]  In addition, the "prospect that prosecution will, at least in the future, result in [what plaintiffs want]

---

[17] Appellants' Br. at 49.

[18] *Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167, 174 (2d Cir. 2021) (emphasis added).

[19] *In re Att'y Disciplinary Appeal*, 650 F.3d 202, 204 (2d Cir. 2011) (per curiam) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

can, at best, be termed only speculative" and thus insufficient to establish standing.[20]

Accordingly, plaintiffs fail to establish standing to pursue an order compelling defendants to deliver their Petition to a grand jury under the Federal Mandamus Statute or the APA.

B. First Amendment

Plaintiffs claim, in Count 2 of the complaint, that defendants violated plaintiffs' First Amendment right to petition by refusing to submit their Petition to a grand jury. The district court also dismissed this claim for lack of constitutional standing. The First Amendment prevents the government from prohibiting "the right of the people . . . to petition the government for a redress of grievances."[21] Plaintiffs contend that they have the right "to have their petition for redress *delivered* to the government entity from which they seek redress."[22] They argue that "[i]n situations such as here, where agency officials blatantly obstruct the exercise of First Amendment rights, the citizen whose right to petition was obstructed will always have standing to sue to enforce their First Amendment right."[23]

It is not the case, however, that any person who claims a violation of his constitutional right may pursue a case against the violator. Rather, he must still demonstrate Article III standing, including that he suffered an actual injury.[24] Plaintiffs here fail to establish that they have been constitutionally injured. The "First Amendment right to petition the Government for a redress of grievances does not inherently include a right to communicate

---

[20] *Linda R.S.*, 410 U.S. at 618.

[21] U.S. Const. amend. I.

[22] Joint App'x 41a.

[23] Appellants' Br. at 34.

[24] *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

directly with the grand jury."[25]  That is so because the presentation of evidence to a grand jury to initiate a federal prosecution "is an executive function within the exclusive prerogative of the Attorney General" and the U.S. Attorneys.[26]  These prosecutors have wide discretion as to how to carry out the prosecutorial function.[27]  Therefore, whether evidence is submitted to a grand jury is at the discretion of the prosecuting attorney.  To hold otherwise would allow every person who submits any information to a U.S. Attorney's office the ability to bring an action to force the U.S. Attorney to submit his materials to a grand jury.  "The danger in permitting private persons to use the grand jury for their own purposes is obvious enough."[28]  Such an outcome would defeat the role of the U.S. Attorney as the exclusive source of federal prosecutions.  Unsurprisingly, plaintiffs have identified no caselaw in support of this result.  Moreover, to the extent that plaintiffs assert a general right to be heard, the Supreme Court has made clear that the First

---

[25] *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) (internal citation and quotation marks omitted), *summarily aff'd*, No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012); *see also In re New Haven Grand Jury*, 604 F. Supp. 453, 457 n.8 (D. Conn. 1985) (Cabranes, J.) ("[T]he court simply does not find in the First Amendment or elsewhere a requirement that direct access to a grand jury must be provided to a member of the public . . . ."); *Gratton v. Cochran*, Nos. 19-5176/5555, 2020 WL 2765775, at *2 (6th Cir. Jan. 2, 2020) (noting that petitioner "fail[ed] to cite any authority supporting a First Amendment right to present evidence to a grand jury" in a case in which the petitioner sought to compel an Assistant U.S. Attorney to initiate a grand jury investigation).

[26] *In re Persico*, 522 F.2d 41, 54 (2d Cir. 1975) (internal quotation marks omitted).

[27] *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.").

[28] *In re Persico*, 522 F.2d at 58–59.

Amendment "does not impose any affirmative obligation on the government to listen [or] to respond" to a citizen's speech.[29]

Plaintiffs' attempt to analogize their case to *Morello v. James*[30] is unavailing. That case concerned the unconstitutional denial of a prisoner's right of access to the *courts*, which is well-established as grounded in the First Amendment.[31] *Franco v. Kelly*,[32] another case upon which they rely, similarly held that a prisoner had a First Amendment right to submit his complaints to a state administrative agency.[33] In neither *Morello* nor *Franco*, however, did plaintiffs seek to compel the government entity receiving the complaining document to do something further. Here, the First Amendment right was satisfied when plaintiffs presented their Petition to the U.S. Attorney. The First Amendment does not encompass the right to force a U.S. Attorney to present whatever materials a member of the public chooses to a grand jury. Accordingly, plaintiffs have failed to show a cognizable injury under the First Amendment to establish standing to pursue Count 2.

**II.    The district court did not abuse its discretion in refusing to order the release of any materials that may have been submitted to a grand jury in connection with the Petition.**

The complaint also requested that the district court unseal "all substantive and ministerial records of any federal grand jury with which the U.S. Attorney has communicated regarding [p]laintiffs' [Petitions]," or any subset of those records that the district court

---

[29] *Smith v. Ark. State Highway Emps., Local 1315*, 441 U.S. 463, 465 (1979) (per curiam).

[30] 810 F.2d 344 (2d Cir. 1987).

[31] *Id.* at 346.

[32] 854 F.2d 584 (2d Cir. 1988).

[33] *Id.* at 589–90.

deemed appropriate to disclose[34]   In the alternative, plaintiffs requested the release of "all ministerial records" regarding any grand jury that had received information related to plaintiffs' Petitions.[35] The district court denied both requests.  A district court's decision as to whether disclosure of grand jury materials is appropriate will be overturned only if the court has abused its discretion.[36]

Plaintiffs first argue that they have the right to request disclosure of any grand jury records pursuant to Federal Rule of Criminal Procedure 6(e)(3).   That rule delineates certain circumstances when disclosure of grand jury materials is appropriate, such as at the request of the government, at the request of a criminal defendant, or "preliminarily to or in connection with a judicial proceeding."[37] Because plaintiffs' requests plainly do not fall into any of these exceptions, they cannot seek the documents under Rule 6(e)(3).

Plaintiffs nevertheless rely upon prior cases in which this court "has recognized that there are certain special circumstances in which release of grand jury records is appropriate even outside of the boundaries of [Rule 6(e)]."[38]  To determine whether such "special circumstances" exist courts consider a non-exhaustive list of factors, including:

> (i) the identity of the party seeking disclosure; (ii) whether the defendant to the grand jury proceeding or the government opposes the disclosure; (iii) why disclosure is being sought in the particular case; (iv) what

---

[34] Joint App'x 36a.

[35] Joint App'x 37a.

[36] *In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996).

[37] Fed. R. Crim. P. 6(e)(3)(E).

[38] *In re Petition of Craig*, 131 F.3d 99, 103 (2d Cir. 1997) (internal quotation marks omitted).

specific information is being sought for disclosure; (v) how long ago the grand jury proceedings took place; (vi) the current status of the principals of the grand jury proceedings and that of their families; (vii) the extent to which the desired material—either permissibly or impermissibly—has been previously made public; (viii) whether witnesses to the grand jury proceedings who might be affected by disclosure are still alive; and (ix) the additional need for maintaining secrecy in the particular case in question.[39]

The burden is on the requester to demonstrate that disclosure is appropriate, and "the baseline presumption [is] against disclosure."[40]

The district court did not abuse its discretion in finding that these factors weighed against disclosure here. First, "the government's position should be paid considerable heed,"[41] and the government opposes release here. Next, the timing of the requests weighs in favor of non-disclosure. "[T]he continued existence and vulnerability of" the "principal parties involved in the investigations, as well as that of their immediate families," is a "factor that a court should consider."[42] Here, a significant number of people involved in or related to someone involved in the September 11 attacks are still alive, and, as the events occurred just twenty years ago, it is likely that witnesses are still alive, too.[43] In this case, therefore, secrecy is still a concern. "[T]he passage of time erodes many of the justifications for

---

[39] *Id.* at 106.

[40] *Id.* at 104; *see also Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979) (noting that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings").

[41] *In re Petition of Craig*, 131 F.3d at 106.

[42] *Id.* at 107.

[43] *Id.* (noting that a district court did not abuse its discretion in declining to disclose grand jury records involving witnesses who were still alive).

continued secrecy,"[44] but the passage of time in this case is not so extended as to weigh in favor of releasing any records. Moreover, the fact that plaintiffs are not a party to the grand jury proceeding weighs against disclosure.[45] Finally, "the extent to which the grand jury material in a particular case has been made public is clearly relevant because even partial previous disclosure often undercuts many of the reasons for secrecy."[46] Here, the materials desired by plaintiffs (showing whether a grand jury proceeding has been convened and, if so, what has transpired) have never been made public, further weighing against disclosure.[47] In sum, the district court's finding that no special circumstances existed to justify the disclosure of the requested records was well within its discretion.

Plaintiffs argue lastly that "the law should make a distinction between ministerial records and records of substantive grand jury proceedings in terms of [the level of] secrecy" required, and that the records they request are ministerial.[48] The Ninth Circuit has adopted a more relaxed disclosure rule for what it termed as "ministerial" grand jury materials, including orders authorizing the extension of a grand jury, roll sheets reflecting composition and attendance of a grand jury, and the manner in which a grand jury was empaneled.[49]

---

[44] *Id.*

[45] Accordingly, contrary to plaintiffs' argument, the disclosure that plaintiffs asked for is different in kind from the disclosure allowed under Rule 6(e) for the release of grand jury witnesses' own testimony.

[46] *In re Petition of Craig*, 131 F.3d at 107.

[47] Plaintiffs obviously are not just requesting that the U.S. Attorney give back to them the Petition that they themselves sent in, the contents of which they are clearly familiar with, and which plaintiffs have already publicly posted. Appellants' Reply Br. at 18.

[48] Appellants' Br. at 52–53.

[49] *In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778, 781–82 (9th Cir. 1982).

This court has not recognized such a ministerial-record exception to the rules surrounding disclosure of grand jury materials.[50]

We need not decide here whether there can ever be a relaxed standard under which courts evaluate whether to disclose "ministerial" grand jury records because it is clear that what plaintiffs have requested here is not in any sense "ministerial." We have previously found that "[t]he plain language of [Fed. R. Crim. P. 6(e)] shows that Congress intended for its confidentiality provisions to cover matters beyond those actually occurring before the grand jury: Rule 6(e)(6) provides that all records, orders, and subpoenas *relating to* grand jury proceedings be sealed, not only actual grand jury materials; similarly, Rule 6(e)(5) refers to matters *affecting* a grand jury proceeding, not simply the proceedings themselves."[51] Plaintiffs here request "records showing whether [their] Petition was submitted to the grand jury, or not."[52] But the evidence presented to a grand jury is one of the most substantive aspects of a grand jury proceeding.[53] Whether a grand jury is convened and, if so, what it has seen, certainly "relat[e] to" grand jury proceedings and thus are not subject to disclosure.[54] Plaintiffs are therefore not entitled to the information they request. If the court were to find otherwise, any private person submitting evidence to a U.S. Attorney's Office hoping for a grand jury investigation could demand updates on the progress of the Office's investigation and decision on whether to convene a grand

---

[50] *See, e.g.*, *United States v. Chambers*, No. 3:18-cr-00079, 2019 WL 1014850, at *2 (D. Conn. Mar. 4, 2019).

[51] *In re Grand Jury Subpoena*, 103 F.3d at 237.

[52] Appellants' Br. at 27.

[53] *See In re Grand Jury Subpoena*, 103 F.3d at 239 (noting that when "disclosure of the confidential information might disclose matters *occurring before the grand jury*, the information should be protected by Rule 6(e)" (emphasis added)).

[54] *Id.* at 237.

jury. There is no support for such a result in any statute or the caselaw.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.