*Bourne v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-three.

PRESENT:

> BARRINGTON D. PARKER,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---

VICTOR ACOSTA BOURNE,

> *Petitioner-Appellant,*

> v.                                                      No. 21-2497

UNITED STATES OF AMERICA,

> *Respondent-Appellee.*

---

**For Petitioner-Appellant:** STEVEN A. BIOLSI, Biolsi Law Group P.C., New York, NY.

**For Respondent-Appellee:** ANDRES PALACIO (Amy Busa, Marietou E. Diouf, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Victor Acosta Bourne – currently serving multiple life sentences following his conviction after a jury trial on numerous counts involving narcotics trafficking and money laundering – appeals from the district court's order denying his motion for disclosure of grand-jury materials under Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In his motion to compel disclosure, Bourne argues that such disclosure was necessary for him to address the government's opposition to his pending petition

2

under 28 U.S.C. § 2255 and "demonstrate misconduct and . . . injustice" in the grand jury proceedings.[1]  Bourne Br. at 1.  The district court denied the motion, finding that Bourne failed to show a particularized need for the requested materials and that he did not tailor the scope of his request to cover only the materials so needed.

A district court's decision concerning the disclosure of grand-jury materials "will be overturned only if the court has abused its discretion."  *Lawyers' Comm. for 9/11 Inquiry, Inc. v. Garland*, 43 F.4th 276, 285 (2d Cir. 2022), *cert. denied*, 143 S. Ct. 573 (2023).  A district court abuses its discretion where it "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, . . . or rendered a decision that cannot be located within the range of permissible decisions."  *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (citations, alterations, and internal quotation marks omitted); *see also United States v. Ghailani*, 733 F.3d 29, 44 (2d Cir. 2013).

---

[1] For the first time on appeal, Bourne seeks production of the "arrest warrant[s]" and criminal "complaint[s]" against him and his mother, Maria Alleyne.  Bourne Br. at 18–19, 20–21.  But arrest warrants and charging instruments do not concern "what is said or what takes place in the grand jury room," and thus, do not constitute grand-jury materials within the meaning of Rule 6(e). *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2d Cir. 1960).  Accordingly, we will not address those requests here.  To the extent that Bourne wishes to pursue those materials, he must present his new request to the district court in the first instance. *See United States v. Salameh*, 152 F.3d 88, 158–61 (2d Cir. 1998).

The district court did not abuse its discretion in denying Bourne's motion. We have long recognized "that proceedings before a grand jury shall generally remain secret." *In re Biaggi*, 478 F.2d 489, 491 (2d Cir. 1973). An exception exists under Rule 6 of the Federal Rules of Criminal Procedure, which provides that "[t]he court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of grand-jury matter . . . preliminary to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). Under that rule, the burden is on the movant to demonstrate a "particularized need" for disclosure that is (1) necessary to avoid a "possible injustice in another judicial proceeding"; (2) "greater than the need for continued secrecy"; and (3) "structured to cover only material so needed." *Douglas Oil Co. of Calif. v. Petrol Stops Nw.*, 441 U.S. 211, 222–23 & n. 12 (1979).

The district court correctly found that Bourne has not carried this burden. Instead of demonstrating a "particularized need" for disclosure to avoid a "possible injustice in another judicial proceeding," *id.* at 222–23, Bourne argues in a conclusory fashion that the requested materials would show that the government engaged in misconduct by "read[ing] a prior grand[-]jury transcript" into the record during a subsequent grand-jury proceeding and by "fabricat[ing]

4

testimony and manufactur[ing] evidence" before the grand jury. Bourne Br. at 15, 19. But we have long held that disclosure of grand-jury materials "should not be permitted without concrete allegations of [g]overnment misconduct." *United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994); *see also United States v. Torres*, 901 F.2d 205, 233 (2d Cir. 1990) ("A review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct."), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010).

Here, Bourne has failed to explain how the government's introduction of a prior grand-jury transcript during a subsequent grand-jury proceeding constituted misconduct. *See United States v. Garcia*, 413 F.3d 201, 213 (2d Cir. 2005) ("It is entirely permissible for the government to use hearsay evidence in its presentation to the grand jury." (citation omitted)). Nor has Bourne pointed us to any instance of fabrication of evidence with "particularity." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) ("There are instances when th[e] need [for grand-jury secrecy] will outweigh the countervailing policy. But they must be shown with particularity."). Because Bourne has not demonstrated any cognizable – let alone "particularized" – need for disclosure to avoid a "possible

5

injustice in another judicial proceeding," we cannot conclude that the district court abused its discretion in denying Bourne's motion. *Douglas Oil*, 441 U.S. at 223.

We also agree with the district court that Bourne has failed to sufficiently tailor his disclosure request to any alleged improprieties. As the Supreme Court explained, requests for grand-jury materials must be "structured to cover only material . . . needed" to "avoid a possible injustice in another judicial proceeding." *Id.* at 222–23; *see also In re Grand Jury Subpoena*, 72 F.3d 271, 274 (2d Cir. 1995); *United States v. Carneglia*, 675 F. App'x 84, 86 (2d Cir. 2017). In connection with his motion, Bourne demands "a *complete* review of the *entire* [record of the] grand[-]jury proceeding," Sp. App'x at 8 (emphasis added), which includes disclosure of – among other things – "[a]ll testimony provided by any member of [the] investigative team," "all grand[-]jury subpoenas for documents or testimony issued in this case," "[a]ll legal instructions provided to the grand jury and any colloquy between the grand jurors and the [government]," and "all instructions and evidence presented to the related civil grand jury," App'x at 66. Such an overbroad request – untethered to any concrete allegations of "possible injustice" – falls well short of the Supreme Court's requirement to "structure[]" requests for grand-jury materials "to cover only material so needed." *Douglas Oil*, 441 U.S.

6

at 222. Although Bourne seeks to substantially narrow the scope of his request on appeal, *see* Bourne Br. at 8–9, his modified request was never presented to the district court, and we decline to resolve it in the first instance. *See United States ex rel. Keshner v. Nursing Pers. Home Care*, 794 F.3d 232, 234 (2d Cir. 2015) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (alteration omitted)).

Bourne's contention that – at the very least – he "properly tailored his request" for the June 18, 2009 grand-jury transcript "to demonstrate governmental misconduct" also misses the mark. Bourne Br. at 19. As the district court correctly noted, Bourne has "fail[ed] to show a particularized need for th[e] June 18 transcript" because he "never explain[ed] why this transcript is needed to avoid an injustice . . . or how this transcript relates to the arguments in [his section 2255] motion." Sp. App'x at 9–10. And "[e]ven if the June 18 transcript [could] reveal[] a flawed probable[-]cause finding" by the grand jury, we would still agree with the district court that Bourne has failed to demonstrate any possible "injustice in this context," *id.* at 10 (internal quotation marks omitted), since "the petit jury's subsequent guilty verdict means not only that there was probable cause to believe

7

that [Bourne was] guilty as charged, but also that [he was] in fact guilty as charged beyond a reasonable doubt," *United States v. Mechanik*, 475 U.S. 66, 70 (1986).

For all these reasons, we conclude that the district court's denial of Bourne's Rule 6(e) motion falls comfortably "within the range of permissible decisions." *Sims*, 534 F.3d at 132.

We have considered Bourne's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court