*Demarest v. Town of Underhill*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JOHN M. WALKER, JR.,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

_____

DAVID P. DEMAREST,

> *Plaintiff-Appellant*,

v.                                                      24-147

TOWN OF UNDERHILL, a municipality and charter town, DANIEL STEINABAUER, as an individual and in official capacity as Selectboard Chair, BOB STONE, as an individual and in official capacity, PETER DUVAL, in official capacity, DICK ALBERTINI, as an individual and in official capacity, JUDY BOND, in official capacity, PETER BROOKS, in official capacity, SETH FRIEDMAN, in official capacity, MARCY GIBSON, as an individual and in official capacity, BARBARA GREENE, in official capacity, CAROLYN GREGSON, in official capacity, STAN HAMLET, as an individual and in official capacity, RICK HEH, BRAD HOLDEN, as an individual and in official capacity, FAITH INGULSRUD, in official capacity, KURT

JOHNSON, in official capacity, KAREN MCKNIGHT, as an individual and in official capacity, NANCY MCRAE, as an individual and in official capacity, MICHAEL OMAN, in official capacity, STEVE OWENS, as an individual and in official capacity, MARY PACIFICI, in official capacity, CLIFFORD PETERSON, as an individual and in official capacity, PATRICIA SABALIS, as an individual and in official capacity, CYNTHIA SEYBOLT, as an individual and in official capacity, TREVOR SQUIRRELL, as an individual and in official capacity, RITA ST. GERMAIN, as an individual and in official capacity, DAPHNE TANIS, as an individual and in official capacity, WALTER TED TEDFORD, STEVE WALKERMAN, as an individual and in official capacity, MIKE WEISEL, as an individual and in official capacity, BARBARA YERRICK, in official capacity, ANTON KELSEY, in official capacity,

*Defendants-Appellees*,

FRONT PORCH FORUM, as a Public Benefit Corporation fairly treated as acting under color of law due to past and present factual considerations while serving the traditional governmental role of providing "Essential Civic Infrastructure" ranging from the dii, JERICHO UNDERHILL LAND TRUST, as Non-Profit Corporation fairly treated as acting under color of law due to past and present factual considerations and a special relationship willfully participating in and actively directing acquisition of municipal property by the Town of Underhill,

*Defendants*.

---

| | |
|---|---|
| For Plaintiff-Appellant: | JEREMY SETH GRANT, Primmer Piper Eggleston & Cramer PC, Burlington, VT. |
| For Defendants-Appellees: | KEVIN L. KITE, Carroll, Boe, Pell & Kite, P.C., Middlebury, VT. |

Appeal from a judgment of the United States District Court for the District of Vermont (Sessions III, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant David Demarest ("Demarest") appeals from a judgment of the United States District Court for the District of Vermont (Sessions III, *J.*), entered on December 12, 2023, denying his motion for leave to file a Second Amended Complaint and closing the case. Demarest alleges that Defendants-Appellees—the Town of Underhill, Vermont, and a group of individuals working on behalf of the Town of Underhill (collectively, the "Town")—retaliated against him in violation of his First Amendment rights and treated him differently than similarly-situated persons in violation of the Fourteenth Amendment's Equal Protection clause.

This appeal arises out of a longstanding dispute over the Town's reclassification to a legal trail of portions of Town Highway 26 ("TH 26"), a road abutting Demarest's Vermont property. Demarest previously challenged aspects of this reclassification in Vermont state administrative and judicial proceedings, leading to four Vermont Supreme Court decisions. *See Demarest v. Town of Underhill*, 256 A.3d 554 (Vt. 2021); *Demarest v. Town of Underhill*, 138 A.3d 206 (Vt. 2016); *In re Town Highway 26, Town of Underhill*, No. 2014-386, 2015 WL 2383677 (Vt. May 14, 2015) (unpublished op.); *Demarest v. Town of Underhill*, 87 A.3d 439 (Vt. 2013). He then commenced this action, alleging numerous constitutional violations. *See Demarest v. Town of Underhill*, No. 2:21-CV-167, 2022 WL 911146 (D. Vt. Mar. 29, 2022). The district court dismissed Demarest's Amended Complaint ("First Amended Complaint"), and we affirmed, concluding that "the relevant portions of the complaint were barred by claim preclusion and the running of the statute of limitations, or otherwise failed to state a valid claim." *Demarest v. Town of Underhill*, No. 22-956, 2022 WL 17481817, at *1 (2d Cir. Dec. 7, 2022) (summary order). Demarest then sought leave to file a Second Amended Complaint, and the district court denied his

3

motion. We assume the parties' familiarity with the underlying facts, the remaining procedural history, and the issues on appeal.

When, as here, "the denial of leave to amend is based on . . . a determination that amendment would be futile, a reviewing court conducts a *de novo* review." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). Amendment is futile when the amended complaint "could not withstand a motion to dismiss." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 165 (2d Cir. 2015) (citation omitted). And to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When, as here, the plaintiff appeared *pro se* in the district court, we construe his pleadings liberally "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). We are not, however, "required to accept as true allegations that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014).

## I. EQUAL PROTECTION

This Court has identified two "distinct pathways" under which a plaintiff can assert a "non-class-based Equal Protection violation": (1) a *LeClair* claim, and (2) an *Olech* claim. *Hu v. City of New York*, 927 F.3d 81, 93 (2d Cir. 2019). Both "require a showing that the plaintiff was treated differently from another similarly situated comparator," but "they differ in at least two key respects." *Id.* On the one hand, "an *Olech* claim does not require proof of a defendant's subjective ill will towards a plaintiff," *id.*, whereas a *LeClair* claim requires a plaintiff to prove that "the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person," *id.* at 91 (citation

omitted). On the other hand, an *Olech* claim requires plaintiffs to satisfy an "extremely high similarity standard," whereby "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." *Id.* at 94 (citation and internal quotation marks omitted). A *LeClair* claim, by contrast, "merely requires a 'reasonably close resemblance' between a plaintiff's and comparator's circumstances." *Id.* at 93. We have justified this lower similarity standard based on the fact that a plaintiff bringing a *LeClair* claim "ha[s] the extra burden of proving that their negative treatment was *caused by* an impermissible motive." *Id.* at 95 (emphasis added).

The district court analyzed Demarest's allegations under the framework for an *Olech* claim, and it concluded that Demarest had failed to establish the requisite similarity between himself and his comparators. On appeal, Demarest argues that his Second Amended Complaint should have been construed as asserting a *LeClair* claim, and that his comparators meet *LeClair*'s less rigorous similarity standard.

We need not determine whether Demarest can satisfy even the *LeClair* similarity standard, however, because his claim fails for two independent reasons. First, Demarest cannot state a claim based on allegations of selective treatment with respect to his conflict-of-interest complaint because disregard of a complaint is not alone a cognizable injury, *cf. Demarest v. Town of Underhill*, No. 22-956, 2022 WL 17481817, at *2 (2d Cir. Dec. 7, 2022) (no First Amendment injury arising from Defendants' failure to "'listen [or] respond'" to Demarest's speech (quoting *Lawyers' Comm. for 9/11 Inquiry, Inc. v. Garland*, 43 F.4th 276, 284 (2d Cir. 2022)), and Demarest alleges no prejudice arising from the selective treatment.

5

Second, Demarest has not plausibly alleged that any of the remaining "disparate treatment" he experienced within the limitations period,[1] and which he neither has nor could have challenged in a prior state court proceeding, "was *caused by* [an] impermissible motivation." *Hu*, 927 F.3d at 91 (citation omitted). Demarest's Second Amended Complaint offers only conclusory allegations that the Town's remaining actions were caused by an impermissible motivation. *See, e.g.*, App'x at 58 ¶ 168. Such allegations cannot alone support a plausible *LeClair* claim. *See Ashcroft*, 556 U.S. at 681. Accordingly, Demarest would have to satisfy *Olech*'s "extremely high similarity standard" to state an Equal Protection claim. *Hu*, 927 F.3d at 94 (citation and internal quotation marks omitted). Yet he does not challenge the district court's conclusion that his Second Amended Complaint cannot meet this standard.

## II. FIRST AMENDMENT

"In order to state a claim for retaliation in violation of the First Amendment, a plaintiff must allege (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Gonzalez v. Hasty*, 802 F.3d 212, 222 (2d Cir. 2015) (citation and internal quotation marks omitted). With respect to the third requirement, "[i]t is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured— the motive must *cause* the injury." *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019). "Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Id.* at 399 (citation omitted).

---

[1] A claim under 42 U.S.C. § 1983 adopts the limitations period for a state personal injury tort—which in Vermont is three years. *See Demarest*, 2022 WL 17481817, at *2 (citing *Morse v. Univ. of Vt.*, 973 F.2d 122, 125–27 (2d Cir. 1992)). Thus, because Demarest filed this lawsuit on June 21, 2021, claims accruing before June 21, 2018 are time-barred. *Id.*

6

For the same reasons discussed above, Demarest has failed to plausibly allege that any of the Town's actions within the limitations period and which Demarest has not and could not have challenged in prior state court proceedings were caused by a retaliatory motive and caused him a cognizable injury. The allegations contained in his Second Amended Complaint thus cannot support a plausible First Amendment retaliation claim.

\*　　\*　　\*

We have considered Demarest's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk